**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 13, 2015

LETTER TO COUNSEL

RE:     *Duane Lawson v. Commissioner, Social Security Administration*;
        Civil No. SAG-14-2202

Dear Counsel:

On July 9, 2014, Plaintiff Duane Lawson petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Lawson filed a claim for Disability Insurance Benefits ("DIB") on January 26, 2011, and protectively filed a claim for Supplemental Security Income ("SSI") on December 7, 2010. (Tr. 102, 198-207). For both claims, he alleged a disability onset date of December 15, 2009. (Tr. 198, 202). His claims were denied initially and on reconsideration. (Tr. 79-100, 103-26). A hearing was held on April 26, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 48-78). Following the hearing, the ALJ determined that Mr. Lawson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-29). The Appeals Council denied Mr. Lawson's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Lawson suffered from the severe impairments of hepatitis C, carpal tunnel syndrome, bilateral peripheral neuropathy of the upper extremities, cocaine abuse, alcohol abuse, bipolar disorder, and adjustment disorder. (Tr. 21). Despite these impairments, the ALJ determined that Mr. Lawson retained the residual functional capacity ("RFC") to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can perform frequent climbing of ramps and stairs, but no climbing of ladders, ropes, or scaffolds. He can perform frequent balancing, stooping, kneeling, crouching, and crawling. He can perform no more than occasional feeling, and frequent fingering and handling with the right dominant hand. He can perform no more than frequent feeling, handling, and fingering with

*Duane Lawson v. Commissioner, Social Security Administration*
Civil No. SAG-14-2202
February 13, 2015
Page 2

the left hand.  He can perform no more than simple, routine, unskilled work.  He can have no more than occasional interaction with the public, and must work in a low-stress environment, defined as occasional changes to the work setting.

(Tr. 23).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Lawson could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 28-29).

Mr. Lawson raises three arguments on appeal: (1) that the ALJ erred including an ability to frequently handle and finger with his right hand in Mr. Lawson's RFC assessment; (2) that the ALJ did not adequately evaluate the opinion of Dr. Livingston; and (3) that the ALJ erred by relying on the testimony of the VE because the VE provided only the national number of jobs for each cited occupation, and because the VE failed to provide DOT numbers for each cited occupation.  I agree that the ALJ did not fulfil his duty of explanation in determining Mr. Lawson's RFC assessment.  Accordingly, remand is warranted.  In so finding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Lawson was not entitled to benefits was correct or incorrect.  Although, standing alone, the alleged deficiencies in ALJ's evaluation of Dr. Livingston's opinion might not merit remand, because remand is warranted on other grounds, ALJ should also address the deficiencies identified by Mr. Lawson.

Although Mr. Lawson's first claim is couched as an argument that the ALJ posed an improper hypothetical to the VE, it is actually an argument that the ALJ erred in assessing Mr. Lawson's RFC.  Mr. Lawson contends that, contrary to the ALJ's RFC assessment, he is not capable of "occasional feeling and frequent fingering and handling with the right dominant hand," and that he instead has no use of his right arm. Pl. Mem. 8-10.  It is clear from the ALJ's discussion that he considered all of the objective evidence of Mr. Lawson's carpal tunnel syndrome, including both evidence indicative of relatively to moderately severe symptoms, and evidence indicative of more "benign" symptoms.  (Tr. 24-25).  Ultimately, the ALJ determined that, in light of Mr. Lawson's benign symptoms and the conservative nature of his treatment, his statements concerning limiting effects of his symptoms were only partially credible.  (Tr. 25).  The ALJ's evaluation of the evidence was sufficient to explain why the ALJ did not credit Mr. Lawson's claims that he has no use of his right arm/hand.  The ALJ did not, however, adequately explain why the evidence instead supported a determination that Mr. Lawson could *frequently* finger and handle with his right hand.

The ALJ must describe his analysis in sufficient detail for this Court to evaluate whether or not the ALJ's conclusions were supported by substantial evidence.  *See See v. Washington Metro. Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994) (observing that an ALJ's decision is statutorily required to include discussion of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record"); *see also Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 519 (D. Md. 2002) (finding it "clear that an ALJ has a duty to explain the basis for his decision").  Accordingly, I cannot conclude that the ALJ's RFC assessment was supported with substantial evidence.  Remand is therefore warranted.

*Duane Lawson v. Commissioner, Social Security Administration*
Civil No. SAG-14-2202
February 13, 2015
Page 3

       Mr. Lawson also argues that the ALJ erred in evaluating the opinion of Dr. Livingston, who opined that Mr. Lawson's ability to lift and carry was impacted by his impairments. The ALJ's statement that he "agrees with many of the assessed limitations," followed by an assignment of "moderate weight" to Dr. Livingston's opinion, is indeed ambiguous. The ALJ only generally referred to the "lifting/carrying" restrictions, (Tr. 26), and it is thus unclear what weight, if any, the ALJ accorded Dr. Livingston's statements about Mr. Lawson's difficulties with fine finger movements and numbness in his right hand. *See* (Tr. 500). In light of the fact that remand is warranted so that the ALJ may adequately evaluate the specific limitations caused by Mr. Lawson's right arm impairments, on remand, the ALJ should consider the impact of Dr. Livingston's opinion on that evaluation.

       Finally, Mr. Lawson claims that the ALJ should not have relied on the VE's testimony because, for each of the occupations cited, the VE testified only to the number of jobs available nationally, and failed to provide the Dictionary of Occupational Titles ("DOT") number. Pl. Mem. 12-13. Although VEs typically testify to both the national and regional number of jobs available for a particular occupation, the regulatory language simply requires a showing that work exists in significant numbers "*either* in the region where [a claimant lives] *or* in several other regions of the country." 20 C.F.R. §§ 404.1566(a), 416.966(a) (emphasis added). I am not persuaded that testimony that a significant number of jobs available nationally for each occupation is meaningfully distinguishable from a significant number of jobs available in several other regions of the country. Likewise, there is no authority supporting Mr. Lawson's contention that the VE erred by failing to provide the DOT numbers for the occupations about which she testified. Indeed, this Court has previously held that the neither the VE nor the ALJ is required to identify DOT numbers. *See Bosley v. Comm'r Soc. Sec. Admin.*, Civil No. SAG-12-0694, 2013 WL 119709, at *4 (D. Md. Jan. 7, 2013). In this case, the VE stated that her testimony was in accordance with the DOT, and Mr. Lawson has failed to identify a discrepancy between her testimony and the DOT. The ALJ thus did not err by relying on the VE's testimony.

       For the reasons set forth herein, Mr. Lawson's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. The ALJ's opinion is VACATED and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

       Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

              Sincerely yours,

                /s/

              Stephanie A. Gallagher
              United States Magistrate Judge